**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

NORBERTO JAVIER FELIX-TORRES,

                            Plaintiff,

    v.                                            No. 06-CV-1090
                                                      (LEK/DRH)

HAROLD GRAHAM, Superintendent, Auburn
Correctional Facility; JOSEPH BELLNIER,
Superintendent of Security, Auburn
Correctional Facility; DAWSON BROWN,
Deputy of Administration, Auburn Correctional
Facility; JOHN DOE, Sergeant, Auburn
Correctional Facility; JOHN DOE, #1,
Correctional Officer, Auburn Correctional
Facility; JOHN DOE, #2, Correctional Officer,
Auburn Correctional Facility; JOHN DOE #3,
Correctional Officer, Auburn Correctional
Facility; and NANCY RYERSON, Nurse
Administrator, Auburn Correctional Facility,

                            Defendants.
-----------------------------------------------------------------

**APPEARANCES:**                        **OF COUNSEL:**

NORBERTO JAVIER FELIX-TORRES
Plaintiff Pro Se
No. 99-B-0971
Auburn Correctional Facility
Post Office Box 618
Auburn, New York 13024

HON. ANDREW M. CUOMO           MEGAN M. BROWN, ESQ
Attorney General for the State          Assistant Attorney General
   of New York
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff pro se Norberto Javier Felix-Torres ("Felix-Torres") is currently an inmate in the custody of the New York State Department of Correctional Services ("DOCS") at Auburn Correctional Facility ("Auburn"). Felix-Torres brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, four named DOCS employees at Auburn and four "John Doe" defendants, violated his constitutional rights under the Eighth and Fourteenth Amendments. Compl. (Docket No. 1). Presently pending is the motion of the four named defendants[2] to dismiss the complaint pursuant to Fed. R. Civ. P 12(b)(6) and for a stay of further proceedings pending final resolution of their motion. Docket No. 13. Felix-Torres opposes the motion to dismiss. Docket No. 14. For the following reasons, it is recommended that defendants' motion be granted in part and denied in part, the complaint be dismissed without prejudice as to the four "John Doe" defendants, and it is ordered that the motion for a stay be granted.

**I. Background**

The facts as alleged in the complaint are assumed to be true for purposes of this motion. See Section II(A) infra.

On November 1, 2005, Felix-Torres was transferred to Auburn and was initially placed in the general population. Compl. at ¶ 3. While in general population, he was evaluated by Nurse Administrator Nancy Ryerson ("Reyerson") and was treated for HIV, Hepatitis C, and diabetes. Id. He was later selected for a double-bunk cell through a screening process

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

[2] Graham, Brown, Ryerson, and Bellnier. Defs. Mem. of Law (Docket No. 13) at 1.

conducted by Deputy Superintendent of Security Joseph Bellnier ("Bellnier"). Id. at ¶¶ 4, 18. On December 2, 2005, Felix-Torres was moved to a double-bunk cell. He was assigned to the top bunk. Id. at ¶ 4. While being admitted to the unit, Felix-Torres instructed Officer John Doe #1 ("Doe 1") that it was impossible for him to be placed in the top bunk, because he was a diabetic with low blood sugar reaction. He also stated that he was medically restricted to the bottom bunk. Id. at ¶ 5. Doe 1 instructed Felix-Torres that he could either lock-in or be taken to the Special Housing Unit ("SHU").[3] Id. Felix-Torres then spoke to the area Sergeant, John Doe ("Sgt. Doe"), who also told Felix-Torres to lock-in or be taken to the SHU. Id. at ¶ 6. Then, Felix-Torres spoke with Officer John Doe #2 ("Doe 2"), "who[] acknowledged the complaint but refused to take any actions and proceeded to make the threats of SHU." Id. at ¶ 7.

Felix-Torres locked-in, unpacked his property, and took a nap on his assigned top bunk. Id. at ¶ 8. During his nap, Felix-Torres experienced a low blood sugar reaction and seizure and fell from the top bunk. Id. Felix-Torres was later discovered by his cell mate in a pool of blood and unconscious. Id. at ¶ 9. Felix-Torres suffered a permanent shoulder separation, head concussion, and bruised ribs. Id. This action followed.

## II. Discussion

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable

---

[3] SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the general population...." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (1995). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the nonmovant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion. Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y.2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)). This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him or her to relief." Id. "This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation." Lugo, 114 F. Supp. 2d at 113; see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476 (2d Cir. 2006).

### B. Personal Involvement

Defendants contend that Felix-Torres has failed sufficiently to allege the personal involvement of defendants Graham, Brown, Ryerson, and Bellnier.

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d

Cir. 1994) (quoting Moffit v. Town of Brookfield, 90 F.2d 880, 885 (2d Cir. 1991)). The doctrine of respondeat superior is not a substitute for personal involvement. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, supervisory officials may not be held liable merely because they held a position of authority. Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). Supervisory personnel may be considered "personally involved," however, if they participated in the conspiracy, learned of the violation but failed to remedy the wrong, created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue, or were grossly negligent in managing subordinates who caused the violation. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted).

Moreover, in order to establish liability under § 1983, a plaintiff must establish more than mere negligence. To demonstrate an Eighth Amendment violation, a prisoner must show deliberate indifference to his serious health and safety concerns. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). An Eighth Amendment claim must satisfy a two-part test. First, "[o]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, "[t]he charged official must be subjectively aware that his conduct creates such a risk." Salahuddin v. Goord, 467 F.3d 263, 281 (2d Cir. 2006).

### 1. Graham, Brown and Bellnier

Felix-Torres contends that Graham, the Superintendent of Auburn, and Brown and Bellnier, Deputy Superintendents, were responsible for the health, safety, and security of the inmates at Auburn, the operations and management of Auburn, and the supervision of health care staff and health classifications. Liberally construing the complaint and viewing the allegations in the light most favorable to Felix-Torres, Felix-Torres alleges that as Superintendent and Deputy Superintendents, Graham, Brown, and Bellnier created and administered the procedures at Auburn by which assignments of inmates to upper bunks were made and that they supervised subordinates who assigned Felix-Torres to an upper bunk in spite of his known medical condition. See Triestman, 470 F.3d at 476 ("There are many cases in which we have said that a pro se litigant is entitled to 'special solicitude,' that a pro se litigant's submissions must be construed 'liberally,' and that such submissions must be read to raise the strongest arguments that they 'suggest.'")(citations omitted). This suffices to allege the personal involvement of Graham, Brown, and Bellnier. See Wilson, 781 F.2d at 323-24. Defendants' motion as to Graham, Brown, and Bellnier should be denied.

### 2. Ryerson

Felix-Torres contends that Ryerson was the Nurse Administrator and responsible for the general health care of her patients. Felix-Torres also contends that Ryerson generally evaluated him when he was transferred to Auburn in November 2005 for treatment of HIV, Hepatitis C, and Insulin (diabetic) medications. Liberally construed, these allegations suffice

to allege that Ryerson knew of Felix-Torres' diabetes and the risk of low blood sugar and the attendant risk to Felix-Torres' safety if assigned to an upper bunk. These allegations suffice to assert that Ryerson was deliberately indifferent to the risk to Felix-Torres from an assignment to an upper bunk. Defendants' motion as to Ryerson should be denied.

### B. Conclusory Allegations

"Complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987). Liberally construed, the complaint alleges that Felix-Torres suffered from a medical condition which made assignment to an upper bunk unreasonably dangerous, the condition and risk were known to prison authorities, Felix-Torres was nevertheless assigned to an upper bunk, he suffered injuries as a result, and each defendant created or administered the procedures, or supervised those who did, which resulted in the upper bunk assignment. While more specific allegations would be preferable, these suffice to survive a motion to dismiss at this stage in light of the liberal pleading standards and the special solicitude to which Felix-Torres is entitled as a pro se litigant.

Defendants' motion on this ground should be denied.

### C. Substantive Due Process Claim

Felix-Torres' complaint also alleges that defendants violated his Fourteenth Amendment substantive due process rights.

The Supreme Court has noted that where Eighth Amendment and Fourteenth Amendment due process protections overlap, the due process claim will be subsumed by the Eighth Amendment claim as the Eighth Amendment offers greater protection to prisoners.  See Graham v. Connor, 490 U.S. 386 (1989) ("any protection that 'substantive due process' affords convicted prisoners against excessive force is...at best redundant of that provided by the Eighth Amendment."); Whitley v. Albers, 475 U.S. 312, 327 (1986); Estelle v. Gamble, 429 U.S. 97, 103, 105 (1976); Rochin v. California, 342 U.S. 165, 172 (1952).

Here Felix-Torres' complaint alleges overlapping Eighth and Fourteenth Amendment violations.  Since the Eighth Amendment offers greater protection to prisoners, Felix-Torres' Fourteenth Amendment claim is subsumed.  Defendants' motion should be granted with regards to Felix Torres' substantive due process claim.

### D.  Qualified Immunity

Defendants argue that they are entitled to qualified immunity.  Qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1984).  Governmental officials "are entitled to qualified immunity if (1) their actions did not violate clearly established law, or (2) it was objectively reasonable for them to believe that their actions did not violate such law." Warren v. Keane, 196 F.3d 330, 332 (2d Cir. 1999).

An analysis of qualified immunity entails a three-step inquiry.  Harhay v. Town of

Ellington Bd. of Ed., 323 F.3d 206, 211 (2d Cir. 2003).  First, it must be determined whether, based upon the facts alleged, plaintiff has facially established a constitutional violation.  Id. Second, if the answer to the first inquiry is in the affirmative, the court must determine whether the right in issue was clearly established at the time of the alleged violation.  Id. Third, if at the relevant times the plaintiff had a clearly established constitutionally protected right which was violated, he or she must demonstrate that it was not objectively reasonable for the defendant to believe that his or her action did not violate such law.  Id.

Here, Felix-Torres was protected by the Eighth Amendment against cruel and unusual punishment, the right was clearly established at the time of the alleged violation, and it was not objectively reasonable for defendants to believe that his or her action did not violate such law.  A prison official who knowingly assigns a diabetic inmate, prone to low blood sugar reactions to an upper bunk knowingly violates the inmate's Eight Amendment right to be free from cruel and unusual punishment.

Therefore, defendants' motion on this ground should be denied.

### E.  Protective Order Barring Discovery

Pursuant to Fed. R. Civ. P. 26(c), defendants have moved for a protective order staying discovery in this matter pending the district court's determination of the instant motion.  Defendants' motion is granted.

### III.  Failure to Serve Unnamed Defendants

Felix-Torres' complaint asserts claims against four "John Doe" defendants who have

neither been identified nor served with the complaint. Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effectuated within 120 days of the date of the filing of the complaint. <u>See also</u> N.D.N.Y.L.R. 4.1(b). Because these defendants have not been identified by Felix-Torres or served with process, it is recommended that the complaint be dismissed without prejudice as to these four defendants.

### IV. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

    1. Defendants' motion to dismiss (Docket No. 13) be:

        A. **GRANTED** as to Felix-Torres' substantive due process claim as to all defendants; and

        B. **DENIED** in all other respects; and

    2. The complaint be **DISMISSED** without prejudice as to the four "John Doe" defendants; and

**IT IS ORDERED** that defendants' motion for a protective order staying discovery pending final resolution of the instant motion is **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated:  September 21, 2007
       Albany, New York

_____
United States Magistrate Judge